# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | 1:07-cv-00636 AWI GSA |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR INJUNCTIVE AND |
| Plaintiff, | ) | DECLARATORY RELIEF |
| | ) | (Document 10) |
| v. | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR INJUNCTIVE RELIEF OR TO COMPEL |
| ESCROW AND COUNTY TREASURY, et al., | ) | (Document 11) |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF AN |
| | ) | EXTENSION TO COMPLY WITH THE |
| Defendants. | ) | COURT'S DECEMBER 12, 2007, ORDER |
| | ) | (Document 9) |

Plaintiff, a state prisoner proceeding pro se, filed his complaint on April 26, 2007. However, Plaintiff has not paid the $350.00 filing fee or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Therefore, on October 31, 2007, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee. On December 7, 2007, Plaintiff filed a document entitled "Motion for Injunctive Relief Requiring Defendants to Process Plaintiff In Forma Pauperis Application." (Document 8.) Plaintiff requested an injunction ordering defendants to process his second in forma pauperis application. On December 12, 2007, the Court denied Plaintiff's motion and ordered him to submit an application to proceed in forma pauperis or pay the filing fee. (Document 9.)

On December 10, 2007, Plaintiff filed a document entitled "Motion for Injunctive & Declaratory Relief." (Document 10.) Plaintiff explains that he submitted an in forma pauperis application to the trust office for processing on December 6, 2007, and requested a certified six

month trust statement from "CCI Garza."  In addition, Plaintiff contends that he has suffered and will continue to suffer severe emotional distress and irreparable injuries.  Plaintiff asks the Court to "order respondents to process his six months trust application" and to award him attorney fees, costs and equitable relief.

Subsequently, on January 2, 2008, Plaintiff filed a Motion for Injunctive Relief or To Compel.  (Document 11.)  Plaintiff alleges that he submitted two in forma pauperis applications and that the accounting office refuses to give him information regarding his trust account.  He also contends that when he submits applications for "mail out or canteen draws" the office returns the order form or "outright steal the money."  Plaintiff further alleges that he has submitted applications to his "correctional counselor Garza" and the money did not make it to the person he attempted to mail it to.  Plaintiff avers that this is an "ongoing problem."  Therefore, Plaintiff requests that the Court (1) grant him access to the money in his trust account; (2) declare that defendants have violated his rights; (3) order defendants to process Plaintiff's application; (4) grant Plaintiff an extension of time to submit the application or pay the filing fees; and (5) grant Plaintiff attorney fees and costs.

The Court has no authority over prison officials and therefore cannot compel the trust account office to complete and submit Plaintiff's application.  By this order, Plaintiff shall be provided with thirty additional days within which to comply with the Court's order of December 12, 2007.  In the Court's experience, each prison has a procedure for submitting applications to proceed in forma pauperis.  Although it may take some time for the prison to complete the form and send it to the court, utter noncompliance by prison officials in this area is not a problem this Court has encountered before.  Plaintiff shall show this order to his correctional counselor, request further instruction, and comply with whatever instructions are given.  In the event that Plaintiff's application is currently pending with the trust account office, it is requested that Plaintiff's counselor seek the status and inform Plaintiff of the status.

In addition, Plaintiff has filed two separate motions to set a mandatory scheduling conference and require the parties to confer.  (Documents 4 and 7.)  Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental

entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court will not direct the United States Marshal to serve Plaintiff's complaint or address any motions until the Court has screened the complaint and determined that it contains cognizable claims for relief against named defendants.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for Injunctive & Declaratory Relief, filed on December 10, 2007, is DENIED;

2. Plaintiff's motion for Injunctive Relief or To Compel, filed on January 2, 2008, is DENIED;

3. Plaintiff is granted an extension of **thirty (30) days** from the date of service of this order within which to comply with the Court's Order of December 12, 2007. Failure of Plaintiff to comply with the Court's order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **January 9, 2008**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE